IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, <br><br> TUCKPOINTERS LOCAL 52 PENSION PLAN, <br><br> TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, <br><br> TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, <br><br>           Plaintiffs, <br><br>     v. <br><br> PURE PRESSURE MOBILE POWER WASH SERVICE, INC., an Illinois corporation, f/k/a MASONRY CLEANING SYSTEMS, INC., <br><br>           Defendant. | CIVIL ACTION <br><br> NO. <br><br> JUDGE |

## **COMPLAINT**

Now come the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52; TUCKPOINTERS LOCAL 52 PENSION PLAN; TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND,

and TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, by their attorneys, and for their Complaint against Defendant, PURE PRESSURE MOBILE POWER WASH SERVICE, INC., an Illinois corporation, f/k/a MASONRY CLEANING SYSTEMS, INC., allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, TERRY ROCCO, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is an "employer" within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is a party or is obligated along with the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO.

4. Pursuant to the authority vested in them in the plans and collective bargaining agreement, Plaintiffs, by the certified public accounting firm of Cygan Hayes, Ltd., performed audits of the payroll records of Defendant, which audits revealed that the Defendant had failed to make payment of all contributions due during the audit periods of January 1, 2008 through December 31,

2010 and January 1, 2011 through December 31, 2013. Pursuant to these audits, demand was made for payment of all amounts found to be due, plus interest and any other applicable charges, but Defendant has failed and refused to make payment as required. The total contributions found due and charged against Defendant and remaining due after deduction of any partial payments to date, based upon the aforesaid audits, are $32,133.17.

     5.     Pursuant to the terms of Defendant's collective bargaining agreement with Local 21 and the Trust Agreements, Defendant further owes liquidated damages and interest on late or unpaid contributions plus the costs of conducting the audits.

     6.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

     WHEREFORE, Plaintiffs pray:

     A.     That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs, and to continue submitting such reports while this action is pending.

     B.     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest on the unpaid contributions, liquidated damages, audit costs and Plaintiffs' reasonable attorneys' fees and court costs, as specified herein or as subsequently determined, all as provided for in the plans and in ERISA.

     C.     That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA.

      D.      That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

                            /s/   Patrick N. Ryan

Stephen J. Rosenblat
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6278364
Telephone:  312/216-2573
Facsimile: 312/236-0241
E-Mail: pryan@baumsigman.com

I:\52J\Pure Pressure\complaint.pnr.df.wpd